UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MICHAEL SALAMI,

        Plaintiff,                    Case No. 2:19-cv-75

v.                                    Honorable Janet T. Neff

CHIPPEWA CORRECTIONAL FACILITY
et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Chippewa Correctional Facility.

## Discussion

    **I.**    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Michigan. The events

about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. In his amended complaint, Plaintiff sues URF and the following URF employees: Assistant Residential Unit Supervisor (ARUS) Jeffrey A. Clark, an unknown ARUS in the Marquette Unit, and an unknown sergeant.

Plaintiff alleges that he is a "white, male, Romanian, muslim, []homosexual" weighing 130 pounds. (Am. Compl., ECF No. 24, PageID.81.) In January 2018, he was housed in the same cell with John Warner Jensen, a 200-pound prisoner with a history of convictions for criminal sexual conduct. Jensen is currently serving a life sentence for assault with intent to inflict great bodily harm, armed robbery, and three counts of first-degree criminal sexual conduct. Jensen allegedly threatened Plaintiff, telling him, "If you pass out you'll wake up with a[] sore ass." (*Id.*)

On January 24, 2018, Plaintiff sent kites to the URF warden, to ARUS Clark, and to the ARUS of Marquette Unit, asking to be moved to another cell because of the threats he received from his cellmate. Plaintiff received no response to his kites. The following day, Plaintiff approached the unknown sergeant and asked to be moved out of his cell because he feared being raped. The sergeant laughed at Plaintiff, telling him, "No one will rape you; beside[s] you can't rape the willing, right camel jockey?" (*Id.*, PageID.82.) Plaintiff responded, "Who the fuck are you talking to, you Nazi?" (*Id.*) The sergeant told Plaintiff, "You have 5 seconds to leave before I lie and say you threatened me; I will Taser you, and then I will put a[] knife in your property and write you (2) tickets; how you like that ISIS?" (*Id.*)

Jensen allegedly raped Plaintiff on January 26. Plaintiff subsequently reported the rape and he was then taken to a hospital where he was given a rape kit and "preventatives" for HIV and other sexually-transmitted diseases. (*See* Compl., ECF No. 1, PageID.5.) Plaintiff alleges that

he has suffered significant "physical difficulties" and mental health problems as a result of the rape. (Am. Compl., PageID.23.)

Plaintiff contends that Defendants were deliberately indifferent to a substantial risk that he would be sexually assaulted by his cellmate, in violation of the Eighth Amendment. Plaintiff also contends that "prison officials" failed to comply with 28 C.F.R. § 115.41 because they did not screen him for a risk of sexual victimization within 72 hours of his arrival at URF. (*Id.*, PageID.88.)

Plaintiff seeks damages and injunctive relief.

II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

3

'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### III. PREA

Plaintiff contends that prison officials at URF did not follow the screening regulations in 28 C.F.R. § 115.41, which implement part of the Prison Rape Elimination Act of 2003 (PREA), Pub. L. No. 108-79, 117 Stat. 972 (codified at 42 U.S.C. §§ 15601-09 (2012)).

Although the question has not been addressed by the Sixth Circuit, a number of district courts have concluded that the PREA "does not create a right of action that is privately enforceable by an individual civil litigant." *Porter v. Louisville Jefferson Cty. Metro Gov't*, No. 3:13CV-923-H, 2014 WL 6883268, at *3 (W.D. Ky. Dec. 5, 2014) (quoting *LeMasters v. Fabian*, No. 09-702, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009), and collecting cases); *see also Hill v. Hickman Cty. Jail*, No. 1:15-cv-71, 2015 WL 5009301, at *3 (M.D. Tenn. Aug. 21, 2015); *Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 WL 4627278, at *4 (W.D. Ky. Sept. 16, 2014); *accord Krieg v. Steele*, No. 13-11402, 2015 WL 1652327, a *1 (5th Cir. Apr. 15, 2015).

> The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 *et seq.* The statute does not grant prisoners any specific rights. In the absence of "an 'unambiguous' intent to confer individual rights," such as a right to sue, courts will not imply such a right in a federal funding provision.

*Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug.12, 2008) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002)). The Court agrees with the conclusion of the foregoing courts that the PREA does not create a private right of action. Accordingly, Plaintiff does not state a claim based on violation of the regulations in 28 C.F.R. § 115.41.

4

## IV.     42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Chippewa Correctional Facility

The Chippewa Correctional Facility is a building, not an entity capable of being sued. A prison is not a "person" under § 1983. Thus, Plaintiff does not state a claim against URF.

To the extent Plaintiff meant to sue the MDOC, he does not state a viable claim because the MDOC is immune from suit in federal court. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v.*

*Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). Therefore, the Court will dismiss the Chippewa Correctional Facility (URF) as a defendant.

### B. Remaining Defendants

The Court concludes that Plaintiff states a plausible Eighth Amendment claim against the remaining defendants.

### V. Pending Motions

Also before the Court are several motions filed by Plaintiff, including a motion for a subpoena (ECF No. 4), a motion for an evidentiary hearing (ECF No. 5), a motion for admission (ECF No. 6), four motions for discovery (ECF Nos. 7, 8, 13, 14), a request to order the MDOC not to destroy documentation (ECF No. 15), a request to order mediation (ECF No. 16), a request for a protective order (ECF No. 17), a motion to stay the case for six months pending exhaustion of administrative remedies (ECF No. 20), and a motion to dismiss the motion for an evidentiary hearing (ECF No. 21).

Plaintiff's motion for a subpoena, motion for an admission, and motions for discovery are premature and will be denied without prejudice. No defendant has been served in this case. After the parties are given an opportunity for mediation, the amended complaint is served, and a Defendant enters an appearance, the Court will issue a case management order setting forth the relevant dates and limits for discovery. Plaintiff can renew his motions at that time.

Plaintiff's request for an order telling the MDOC not to destroy documentation will be denied because Plaintiff has not offered any basis for such a request. There is no indication that the destruction of documentation and other evidence is imminent or threatened. Moreover, after Defendants have been served with the complaint, they will be subject to the usual rules for maintaining evidence relevant to this litigation.

As to Plaintiff's request for an order regarding mediation, the Court generally does not *require* parties to engage in mediation at this stage of the proceedings, but it will provide the parties with an opportunity to participate voluntarily, as part of its mediation program for prisoners.

Regarding Plaintiff's request to stay the proceedings, Plaintiff apparently contends that his claims against some of the defendants are not exhausted. Plaintiff is obligated to exhaust his administrative remedies *before* filing suit, not afterward. *See* 42 U.S.C. § 1997e(a). Permitting Plaintiff to stay the case would not be consistent with that obligation. *See Lee v. Benuelos*, 595 F. App'x 743, 748 (10th Cir. 2014) (holding that prisoner was not entitled to a stay of the proceedings pending proper exhaustion of his administrative remedies); *Sharpe v. Medina*, 450 F. App'x 109, 112 (3d Cir. 2011) (affirming denial of motion to stay because a complaint must be dismissed if exhaustion was not completed at time of filing); *Wood v. Hirsch*, 461 F. App'x 365 (5th Cir. 2011) (same); *Mlaska v. Shah*, 428 F. App'x 642, 645 (7th Cir. 2011) (same). Moreover, it is not efficient for this Court to stay Plaintiff's case, in whole or part, in order for him to attempt to exhaust his remedies. If Plaintiff has not exhausted available administrative remedies in this case, he may file a motion to dismiss this action without prejudice and file a new civil rights action after exhaustion is complete. Accordingly, both for reasons of judicial economy and statutory imperative, Plaintiff's motion to stay will be denied.

In addition, the Court will deny Plaintiff's request for a protective order. Plaintiff asks the Court to order Defendant "MDOC" not to "retaliate, har[]ass, or intimidate" Plaintiff for filing this lawsuit. (ECF No. 17.) Plaintiff has not provided any reason why such an order is necessary.

Finally, the Court will grant Plaintiff's motion to dismiss his motion for an evidentiary hearing.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Chippewa Correctional Facility, and Plaintiff's claim under the regulations to the PREA, will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's § 1983 claim against Defendant Clark, the unknown ARUS in the Marquette unit, and the unknown sergeant at URF remain in the case.

In addition, the Court will deny Plaintiff's motions for a subpoena, for an admission, for discovery, for an order requiring the MDOC not to destroy documentation, for an order requiring mediation, for a stay, and for a protective order. (ECF Nos. 4, 6, 7, 8, 13, 14, 15, 16, 17, 20). The Court will grant the motion to dismiss the motion for an evidentiary hearing (ECF No. 21).

An order consistent with this opinion will be entered.

Dated: April 26, 2019         /s/ Janet T. Neff
                              Janet T. Neff
                              United States District Judge